KELLUM *v.* JOHNSON.

No. 41460 October 29, 1959 115 So. 2d 147

*J. W. Kellum,* Sumner, pro se.

*McClure, Fant & McClure,* Sardis, for appellee.

L<small>EE</small>, J.

J. W. Kellum appealed from a judgment of the Special Court, set up under the Corrupt Practices Act of 1935, which dismissed his petition to contest the democratic nomination of Roy E. Johnson in the primary election of August 4, 1959, for the office of District Attorney of the Seventeenth Circuit Court District of the State.

In the primary election, Kellum received 9411 votes and Johnson received 9430 votes, thus giving to Johnson a majority of 19 votes. Thereupon the State Executive Committee declared Johnson to be the nominee.

On September 8, 1959—35 days after the primary—Kellum filed with the chairman of the State Democratic

Executive Committee his complaint' as to the result. (This petition or contest was, by agreement of the paries, omitted from the record). At any rate, the petition for a judicial review recited that the chairman of the State Democratic Executive Committee gave notice that the committee would take no action thereon.

On September 21, 1959, Kellum filed, in the Circuit Court of the Second Judicial District of Tallahatchie County, his petition for a judicial review.

In answer to that petition, Johnson filed what he denominated as a "Motion to Dismiss" in which it was pointed out that "the petition exhibited against him herein by the Contestant shows on its face the following facts, to-wit:

"That the Contestant's original petition by which he initiated his contest was not filed with the Chairman of the State Democratic Executive Committee within a period of twenty days after the primary election sought to be contested; that, therefore, any right which the Contestant may have had to contest the declared result of said election had expired prior to the filing of said original petition with said Chairman; and that, accordingly, said Chairman properly and correctly declined to take any action on said original petition.

"Wherefore, the Contestee respectfully moves the court to dismiss the partition exhibited against him herein."

On the date of the hearing, no question of fact was presented. The Special Judge, Hon. Arthur B. Clark, Jr., appointed by the Chief Justice of the Supreme Court of Mississippi, heard the parties and concluded that the motion to dismiss was well taken. Consequently, the motion was sustained, the petition was dismissed, and the action of the State Democratic Executive Committee in declaring Roy E. Johnson as the nominee of the democratic party for the office of District Attorney

of the Seventeenth Circuit Court District of the State was approved, ratified and affirmed.

The sole question for determination is whether or not the contest was filed in time.

Prior to 1908, there was no tribunal vested with power to hear a primary election contest and determine who was the party nominee—to correct the wrongs and frauds bearing upon the solution of that question—except the Executive Committee. Brewer v. Abbay, 82 Miss. 559, 35 So. 153 (1903), a contest over the democratic nomination for the office of county treasurer; Ramey v. Woodward, 90 Miss. 777, 44 So. 769 (1907), a contest over the democratic nomination for the office of chancery clerk; State v. Brown, 90 Miss. 876, 44 So. 769 (1907), a contest over the democratic nomination for the office of sheriff.

However, the Legislature by Chapter 136, Laws of 1908, provided a method of contest in such instances; and that Act, with slight and unimportant amendments, now appears as Section 3143-45, Code of 1942 Rec., and has remained unchanged after the enactment of the corrupt Practices Act of 1935, Section 3158, et seq., of the Code of 1942.

Section 3143, supra, is as follows: "A person desiring to contest the election of another person returned as the nominee of the party to any *county or beat office,* may, *within twenty days after the primary election,* file a petition with the secretary, or any member of the county executive committee in the county in which fraud is alleged to have been perpetrated, setting forth the grounds upon which the primary election is contested; and it shall be the duty of the executive committee to assemble by call of the chairman or three members of said committee, notice of which contest shall be served five days before said meeting, and after notifying all parties concerned, proceed to investigate the allegations of fraud, and, by majority vote of members pres-

ent, declare the true results of such primary.'' (Emphasis supplied). Under this Section the petition to contest must be filed within twenty days after the primary election.

Section 3144, supra, is as follows: ''In state, congressional and *judicial districts*, upon complaint filed with the chairman of the state executive committee by petition, reciting the allegations of fraud, and with the advice of four members of said committee, the chairman shall issue his fiat to the chairman of the county executive committee, where fraud is alleged to have been committed, and in like manner as in county office, the county committee shall investigate the complaint and return their findings to the chairman of the state committee, which shall declare the candidate nominated, whom the corrected returns show is entitled to the same. And the same procedure shall apply to senatorial and flotorial contests in and by their respective executive committees.'' (Emphasis supplied). Under this section, the time within which a petition to contest must be filed is not mentioned.

Section 3145, supra, merely grants the power to subpoena and attach witnesses.

 █ In construing statutes, the courts should not convict the Legislature of unaccountable capriciousness. See 50 Am. Jur., Statutes, Section 372, page 380, in part as follows: ''An intent to discriminate unjustly between different cases of the same kind is not to be ascribed to the legislature. It is not to be presumed that the legislature intended to make a distinction which would convict it of an unaccountable capriciousness on the subject. Hence, where the legislature has clearly laid down a rule for one class of cases, it is not readily to be supposed that, in the same act, a different rule has been prescribed for another class of cases within the same reason as the first.''

 ██ Statutes should, if possible, be given a construction which will produce reasonable results, and not uncertainty and confusion. 50 Am. Jur., Statutes, Section 382, page 394.

 ██ The two sections here under consideration are parts of the same statute, and the Act must be considered as a whole. See 50 Am. Jur., Statutes, Section 352, pp. 350-4, as follows: ''The different parts of a statute reflect light upon each other, and statutory provisions are regarded as in pari materia where they are parts of the same act. Hence, a statute should be construed in its entirety, and as a whole. The general intention is the key to the whole act, and the intention of the whole controls the interpretation of its parts. The fact that a statute is subdivided into sections or other parts should not obstruct or obscure the interpretation of the law as a whole. All parts of the act should be considered, compared, and construed together. It is not permissible to rest the construction upon any one part alone, or upon isolated words, phrases, clauses, or sentences, or to give undue effect thereto. The legislative intention as collected from an examination of the whole as well as the separate parts of a statute, is not to be defeated by the use of particular terms, but, to the contrary, will prevail over the literal import thereof.''

 ██ When one faces reality, it is obvious that primary election contests, if they are to be allowed and the favorable results thereof come to full fruition, must be conducted speedily. The names of party nominees, if they are to be of any avail, must go on the ticket for the general election, which is required by Section 102 of the Constitution of 1890, to be held on the first Tuesday after the first Monday in November. Unless this course can be vouchsafed, there would be no virtue in holding primary elections to choose nominees of the parties. It is inconceivable that the Legislature intended to limit the time in which contests could be filed where

a county or beat office was involved, and yet fix no time limit whatever for that purpose in regard to all other offices. So to hold would convict the Legislature of unaccountable capriciousness and result in endless uncertainty and confusion. The two sections are in pari materia, and all contests therefore must be begun within twenty days after the primary. To hold otherwise would be senseless.

Although Section 3287, Code of 1942 Rec., pertains to general and special elections, it is somewhat helpful in arriving at the legislative intent in the present instance. That section provides in part as follows: "And in case the election of district attorney or other state district election be contested, the petition may be filed in any county of the district or in any county of an adjoining district *within twenty days after the election,* and like proceedings shall be had thereon as in the case of county officers, and the person found to be entitled to the office shall qualify as required by law and enter upon the duties of his office." (Emphasis supplied).

 Since the appellant did not file his contest within twenty days from the date of the primary, manifestly the special court was correct in dismissing the same.

But the appellant says that the twenty day period is a limitation; that a statute of limitations is a personal privilege which may be waived; and that the appellee waived the limitation by not setting it up in a special plea.

 This Court is of the opinion that the twenty day provision is not a statute of limitations. On the contrary, it is a condition precedent to the right to file a contest. A failure so to do does not have to be pleaded in any particular way by the contestee. In 34 Am. Jur., Limitation of Actions, Section 7, pages 16, 17, a statute of limitations is differentiated from conditions which are annexed to a right of action created by statute as follows: "A statute which in itself creates a new liability,

gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such provision will control, no matter in what form the action is brought.''

The motion to dismiss clearly pointed out that the petition had not been filed within twenty days after the primary election. The special court having properly dismissed the petition because it was not filed in time, it follows that the judgment of that court must be, and is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle,* and *Holmes, JJ.,* concur.