370 So.2d 916 (1979)
HOME BUILDING MART, INC. and Trusco
v.
Donald Keith PARKER, d/b/a Mid-South Plumbing Company, et al.
No. 51102.
Supreme Court of Mississippi.
April 25, 1979.
Harold W. Melvin, Laurel, for appellants.
J.C. Martin, Jr., Waynesboro, Travis Buckley, Laurel, for appellee.
Before SMITH, SUGG and COFER, JJ.
SMITH, Presiding Justice, for the Court:
On May 9, 1978, Home Building Mart, Inc., a Mississippi corporation, and Trusco, a partnership, petitioned the Circuit Court of Wayne County to impress a materialman's lien upon certain real property owned by Donald Keith Parker and Linda Fay Parker, his wife. First National Bank of Waynesboro, holder of a mortgage on the property, was also named as a defendant.
First National defended upon the ground that petitioner's claim was barred under the provisions of Mississippi Code Annotated section 85-7-141 (1972). The trial court agreed and dismissed the petition.
On appeal First National states:
"It appears that the only issue before this Court is appellants' contention that Sec. 85-7-141, of the Miss.Code of 1972, is a statute of limitations that would be tolled by provisions of the U.S. Bankruptcy Act, 11 U.S.C. Sec. 29(f) (1976), in that the appellant herein failed to file their suit to enforce lien within 12 months next after the time when the money became due and payable, and not after."
A chronology of the relevant events is as follows:
On 7/1/75 Parker and his wife executed the deed of trust to First National Bank of Waynesboro beneficiary, covering subject property.
Appellants sold and delivered the material involved, commencing the first part of 1977, with the money becoming due and payable 3/22/77 and 4/6/77.
On 8/15/77 Parkers filed bankruptcy.
On 10/23/77 appellants filed notice of construction lien.
On 4/10/78 the bankruptcy court ordered abandoned the subject property on petition of First National Bank.
On 5/9/78 appellants filed the petition in the present suit to enforce the lien.
Upon motion of First National, the circuit court dismissed the petition upon the *917 ground that the suit to enforce the lien had not been filed within twelve months next after the last delivery of material, and the date upon which the debt became due and payable, within the meaning of Mississippi Code Annotated section 85-7-141 (1972) on July 1, 1978.
The lien sought to be enforced was that created by Mississippi Code Annotated section 85-7-131 (1972) which provides, among other things: "The architects, engineers, surveyors, laborers, and materialmen and/or contractors who rendered services and constructed the improvements shall have a lien therefor... ."
Mississippi Code Annotated section 85-7-141 (1972) provides that suit to enforce "such lien" shall be commenced "within twelve months next after the time when the money became due and payable, and not after."
It is the contention of First National that the suit for enforcement of the lien is barred by the above provision, the same not having been filed within twelve months next after the material had been sold and delivered and payment had become due. Home Building Mart and Trusco, on the other hand, rely on the provisions of the Bankruptcy Act, 11 U.S.C. section 29(f) (1976), which provides:
(f) The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this title, shall be suspended during the period from the date of the filing of the petition in bankruptcy (1) until the expiration of thirty days after the date of the entry of an order denying his discharge; or (2) if he has waived or lost his right to a discharge, then until the expiration of thirty days after the filing of such waiver or loss of such right or, in the case of a corporation, if no application for a discharge is filed within the period of six months after the adjudication, then until the expiration of thirty days after the end of such period; or (3) until thirty days after the dismissal of the bankruptcy proceedings, whichever may first occur. July 1, 1898, c. 541, § 11, 30 Stat. 549; June 22, 1938, c. 575, § 1, 52 Stat. 849; July 7, 1952, c. 579, § 5, 66 Stat. 422.
(Emphasis added).
Claimants also cite Rule 601(a), (b) of the Bankruptcy Rules:
(a) Stay Against Lien Enforcement. The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien against property in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings.
(b) Duration of Stay. Except as it may be terminated, annulled, or modified by the bankruptcy court under subdivision (c), (d), or (e) of this rule, the stay shall continue until the bankruptcy case is dismissed or closed, or until the property subject to the lien is, with the approval of the court, set apart as exempt, abandoned, or transferred.
First National counters by citing Kellum v. Johnson, 237 Miss. 580, 115 So.2d 147 (1959), in which this Court stated:
"A statute which in itself creates a new liability gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought."
(115 So.2d at 150-151).
Kellum involved a statute providing that election contests must be filed in twenty days. The considerations leading to the result in Kellum do not apply here.
*918 The argument of First National is to the effect that the lien sued upon was created by Mississippi Code Annotated section 85-7-141 (1972). However, the lien, as stated above, was created by section 85-7-131. Section 85-7-141 provides the procedure for enforcing "such lien" and the period within which suit must be begun. Rule 601 of Bankruptcy Rules, supra, provides for "stay against lien enforcements," and prohibits the commencement or continuation of any court proceedings to enforce a lien against property in the custody of the bankruptcy court. It provides that such stay shall continue until the bankruptcy case has been dismissed or closed or "until the property subject to the lien is, with the approval of the court, set apart as exempt, abandoned, or transferred. The subject property upon which Home Building Mart and Trusco sought to impress the lien was ordered abandoned by the bankruptcy court on April 10, 1978, at the instance of First National Bank. Collier's Bankruptcy Manual, Vol. 1A, p. BR-VI-18, § 601.07[4] reads in part:
If property is abandoned by the trustee, title is revested in the bankrupt, the trustee relinquishes possession, and the bankruptcy court loses its jurisdiction over the property. As a concomitant of the process of abandonment, Rule 601(b) states that the automatic stay terminates upon abandonment of the property by the trustee. After that time, the appropriate foreclosure remedies may be pursued by the secured party.
The subject property having been abandoned on April 10, 1978, Home Building Mart and Trusco filed their petition to impress it with a materialman's lien on May 9, 1978. Bankruptcy proceedings having been begun on April 15, 1977, and the property not having been ordered "abandoned" until April 10, 1978, the intervening period must be excluded from the computation of the one year in which suit must be brought. Therefore, omitting the time during which the property was under the exclusive jurisdiction of the bankruptcy court, the petition for enforcement of the lien was filed within twelve months of the dates upon which, according to First National, the money for the material became due and payable, which were March 22, 1977 and April 6 1977.
In Kellum, the Court dealt with an attempt to contest a primary election. The Court quoted the statute:
Section 3143, supra, is as follows: "A person desiring to contest the election of another person returned as the nominee of the party to any county or beat office, may, within twenty days after the primary election, file a petition with the secretary or any member of the county executive committee....
(115 So.2d at 149).
The Court decided:
When one faces reality, it is obvious that primary election contests, if they are to be allowed and the favorable results thereof come to full fruition, must be conducted speedily. The names of party nominees, if they are to be of any avail, must go on the ticket for the general election, which is required by Section 102 of the Constitution of 1890, to be held on the first Tuesday after the first Monday in November. Unless this course can be vouch-safed, there would be no virtue in holding primary elections to choose nominees of the parties... .
(115 So.2d at 150).
In Kellum the Court said that the twenty day period was not a statute of limitations which could be waived but was a "condition precedent" to the exercise of the right granted to contest a primary election and rejected the would-be contestant's claim that there had been a waiver. The situation in Kellum was not one in which a federal statute operated to preclude or suspend temporarily a right of action during the continuance of specified circumstances such as those in the present case where the pendency of the bankruptcy proceedings prevented the enforcement of an existing lien. There is no suggestion in Kellum that there was any effective prohibition or restraint which prevented him from contesting the election within twenty days.
*919 It appears to be clear that under federal law the possibility of instituting or continuing proceedings to enforce the materialman's lien was abrogated and suspended until the subject property was ordered abandoned. We have concluded that the materialman's lien was created by Mississippi Code Annotated section 85-7-131 (1972), and that section 85-7-141, while relating to the same subject matter, supra, provides a statute of limitations which will apply to a suit to enforce. The running of this statute was suspended following the commencement of the bankruptcy proceedings and the one year period did not commence to run again until the property had been formally abandoned by order of the bankruptcy court. The case will be reversed and remanded for trial upon all issues.
REVERSED AND REMANDED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.