COLEMAN, Justice,
dissenting:
¶ 48. Having reviewed the history of our election challenge law and what pronouncements the Court has made regarding the doctrine of stare decisis, I would hold that Kellum v. Johnson, 237 Miss. 580, 115 So.2d 147 (1959), is not binding precedent in the instant case, and, therefore, its twenty day filing deadline cannot be judicially grafted into Mississippi Code Section 23-15-923. Since Kellum was decided, the Legislature has amended other statutes within the Election Code, materially changing the Election Code, and the Legislature has amended Section 23-15-923, broadening its scope. In my opinion, the changes are too substantial and material for Kellum to survive them. Therefore, with respect, I dissent.
¶ 49. Although our cases have discussed stare decisis for decades, see Caves v. Yarbrough, 991 So.2d 142, 152 (¶ 7) (Miss.2008), our authoritative pronouncements take us only so far.
Thus, our precedent applying stare deci-sis may be summed up as follows: Even though this Court’s previous interpretation of a statute was (in the current Court’s view) erroneous, we must continue to apply the incorrect interpretation unless we consider it “pernicious,” “impractical,” or “mischievous in ... effect, and resulting in detriment to the public.”
Unfortunately, having stated what must be found to prevent application of stare decisis, this Court has offered no guidelines for finding or identifying these prerequisites (pernicious, impractical, mischievous, etc.). A justice on this Court might reasonably conclude that some of the definitions of mischievous or pernicious apply to all of this Court’s prior opinions with which that justice disagrees.
Id. at 152 (¶¶ 38-39) (citations omitted). The Caves Court agreed with the reasoning of Lorillard, a Division of Loew’s Theatres, Inc. v. Pons, 434 U.S. 575, 580-81, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), where the United States Supreme Court wrote, “Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change.” Caves, 991 So.2d at 153 (¶ 42). Interestingly, although agreeing with the Pons Court’s reasoning, which was restricted to enactment without change, the Caves Court expanded upon it and held that stare decisis would apply when a statute was either re-enacted without change or amended. Caves, 991 So.2d at 153-154 (¶ 42). The Caves Court’s holding also expanded our earlier stare decisis pronouncement in Thomas v. McDonald, 667 So.2d 594 (Miss.1996), wherein the Court wrote, “When this Court interprets a statute, and the statute is retained in subsequent codes without amendment by the Legislature, our interpretation becomes, in effect, part of the statute.” Id. at 597 (emphasis added); but see Crosby v. Alton Ochsner Med. Found., 276 So.2d 661, 670 (Miss.1973) (writing that stare decisis applies when the statute is repeatedly reenacted in “essentially the same language.”)
¶ 50. Although, pre-Caves, the rule had been established for when a statute is reenacted without change, Mississippi case law has contemplated but not yet established a clear test for the post-Caves question of whether interpretation of the stat *1006 ute by the Court becomes a part of the statute — applying stare decisis — when the Court has interpreted a statute and the Legislature subsequently changes the statute or related statutes. The Crosby Court wrote that the Court’s interpretation becomes part of the statute when the Legislature “repeatedly re-enaet[s] [the statute] in essentially the same language.” Crosby, 276 So.2d at 670; see also Kittrell v. O’Flynn, 203 Miss. 164, 33 So.2d 628, 628 (1948) (“That decision became in effect a part of the statute when it was reenacted in substantially the same language by Section 3536, Code 1906, and by its retention in all subsequent codes.”). The Court also has considered whether the change is material, as the plurality states. Bank of Monticello v. L.D. Powell Co., 159 Miss. 183, 130 So. 292, 293 (1930) (“[T]hese statutes have been several times re-enacted without material change since the decision in Beckett v. Dean.”); Adams v. Colonial & United States Mortgage Co., 82 Miss. 263, 34 So. 482, 507 (1903) (holding that the mere addition of the words “or employed in any kind of trade or business” were not a material change). The Court has expounded on the test for defining a substantial or material change, stating:
Where the provisions of a statute are carried forward and embodied in a codification or revision, in the same words, or which are substantially the same and not different in meaning, the latter provisions will be considered as a continuance of the old law and not as a new or original enactment, and this is true both where there is an express declaration to that effect in the codification or revision, and also in the absence of such declaration. This rule applies although the statute brought forward has been simultaneously repealed by the codification or revision. The effect of the continuance of the old law is that all rights and interests thereunder are preserved.
State Tax Comm’n v. Miss. Power Co., 172 Miss. 659, 160 So. 907, 909 (1935) (emphasis added). The Court in Mississippi Power considered the language and its meaning, but it also considered the current “effect” of the original interpretation, stating that the rights and interests afforded under the original interpretation must still be present. Id.
¶ 51. The plurality relies on McDaniel v. Beane, 515 So.2d 949 (Miss.1987), stating the McDaniel Court held “that the prior judicial interpretation was engrafted into the statute” because the statutes were “re-enacted into current law without substantial change.” (P1.0pJ 26). The McDaniel Court also wrote, “Where validly enacted statutory language is brought forward in new codes or amended versions of the original statutes, prior interpretations thereof remain persuasive, that is, in the absence of some indication in the new amendment or enactment that prior interpretation should no longer be credited.” McDaniel, 515 So.2d at 951 (emphasis added). Thus, under Mississippi precedent, amended statutes with changed language have been held to be merely persuasive, not binding.
¶ 52. The United States Supreme Court has debated whether the addition or elimination of one word in a statute makes the old interpretation of the statute binding. Holder v. Martinez Gutierrez, — U.S. -, 132 S.Ct. 2011, 2018, 182 L.Ed.2d 922 (2012) (“Congress eliminated the very term — ‘domicile’—on which the appeals courts had founded their imputation decisions.”). While I concede that, under the instant facts, Section 23-15-923 does not turn on any one word having being omitted or added by the Legislature, the rule promulgated by Holder aids in further defining a “material” or “substantial” change: “That alteration dooms respondents’ position, because the doctrine of congressional *1007 ratification applies only when Congress reenacts a statute without relevant change.” Id. (emphasis added).
¶ 53. The Kellum Court wrote that “different parts of a statute reflect light upon each other and statutory provisions are regarded as in pari materia where they are parts of the same act. Hence, a statute should be construed in its entirety, and as a whole.” Kellum, 115 So.2d at 150 (quoting 50 Am.Jur., Statutes, § 352). In essence, the Kellum Court states, and I think we cannot ignore, that one section of an act does not exist in a vacuum; it is affected by and interpreted with other sections within the same act, ie., the Election Code.
¶ 54. Since Kellum was decided, Section 3144 has been re-enacted and amended as Section 23-15-923. Miss.Code Ann. § 23-15-923 (Rev. 2007); Miss.Code § 3144 (1942). Section 23-15-923 has been expanded, no longer limiting the grounds for relief to “allegations of fraud.” See Miss.Code Ann. § 23-15-923; Miss. Code § 3144 (1942). Accordingly, the purpose of the statute has substantially changed and broadened.
¶ 55. At the time of Kellum, the Court relied heavily on two additional statutes to derive legislative intent for Section 3144. First, the Court relied on Section 3143, which explained how a candidate may contest a primary election for a “party to any county or beat office” on the charge of fraud. Miss.Code § 3143 (1942). Section 3143 required a challenge to be brought within twenty days. Second, the Court relied on Section 3287, which provided a twenty day deadline for “district attorney or other state district election.” Miss. Code § 3287 (1942).
¶ 56. Within the modern Election Code, two statutes provide for a twenty day filing deadline. First, Section 23-15-921 states in pertinent part:
[A] person desiring to contest the election of another person returned as the nominee of the party to any county or county district office, or as the nominee of a legislative district composed of one (1) county or less, may, within twenty (20) days after the primary election, file a petition....
Miss.Code Ann. § 23-15-921 (Rev. 2007) (emphasis added). Second, Section 23-15-951 states: “[A] person desiring to contest the election of another person returned as elected to any office within any county, may, within twenty (20) days' after the election, file a petition....” Miss.Code Ann. § 23-15-951 (Rev. 2007) (emphasis added). Section 23-15-951 also provides that “the election of district attorney or other state district election be contested, the petition may be filed ... within twenty (20) days after the election.” Id.
Thus, the only two statutes today with express twenty day deadlines are for the primary election for a county and for the general election within a county or for a district election.
¶ 57. At the time of Kellum, the two statutes with twenty day deadlines were for county primary elections and the district attorney general elections. Kellum covered a primary election for the democratic nomination of the District Attorney of the Seventeenth Circuit. Thus, Section 3287 did not apply, because it was for a general — not a primary — election. See Miss.Code § 3287 (1942). I think it defensible for the Kellum Court to then interpret a twenty day deadline into Section 3144, when a larger, general election had a twenty day deadline under Section 3287 and a smaller “county or beat office” election had a twenty day deadline under Section 3143. The only remaining statute with an election contest time limitation was Section 3289, which limited a contest for a statewide general election for the Missis *1008 sippi House of Representatives and Senate to thirty days. See Miss.Code § 3289; Miss.Code Ann. § 28-15-955 (Rev. 2007). Section 3289, unsurprisingly, was not considered by the Kellum Court; Kellum involved a primary for a district attorney election consisting of five counties, not a statewide general election.
¶ 58. Today, the Election Code contains other deadlines for filing contests to elections. To contest the qualifications of a candidate for different types of elections, the Election Code provides separate deadlines:
(1) Any person desiring to contest the qualifications of another person who has qualified pursuant to the provisions of Section 23-15-359, Mississippi Code of 1972, as a candidate for any office elected at a general election, shall file a petition specifically setting forth the grounds of the challenge not later than thirty-one (31) days after the date of the first primary election set forth in Section 23-15-191, Mississippi Code of 1972.
(2) Any person desiring to contest the qualifications of another person who has qualified pursuant to the provisions of Section 23-15-213, Mississippi Code of 1972, as a candidate for county election commissioner elected at a general election, shall file a petition specifically setting forth the grounds of the challenge no later than sixty (60) days prior to the general election. Such petition shall be filed with the county board of supervisors, being the same body with whom the candidate in question qualified pursuant to Section 23-15-213, Mississippi Code of 1972.
(3) Any person desiring to contest the qualifications of another person who has qualified pursuant to the provisions of Section 23-15-361, Mississippi Code of 1972, as a candidate for municipal office elected on the date designated by law for regular municipal elections, shall file a petition specifically setting forth the grounds of the challenge no later than thirty-one (31) days after the date of the first primary election set forth in Section 23-15-309, Mississippi Code of 1972. Such petition shall be filed with the municipal commissioners of election, being the same body with whom the candidate in question qualified pursuant to Section 23-15-361, Mississippi Code of 1972.
Miss.Code. Ann. § 23-15-963 (Supp.2014) (emphasis added).
¶ 59. The current stare decisis jurisprudence does not require much for a statutory change to be deemed substantial or material. The Supreme Court held the change must be “relevant.” Holder v. Martinez Gutierrez, — U.S. -, 132 S.Ct. 2011, 2018, 182 L.Ed.2d 922 (2012). When Kellum was decided, three statutes had deadlines on filing an election contest. See Miss.Code §§ 3143, 3287, 3289. Today, the Legislature has added three more deadlines on contesting elections after the primary vote that were not in effect at the time Kellum was decided. See Miss.Code Ann. 23-15-963. Chief among the statutory changes since Kellum is subsection (1), Section 23-15-963. Subsection (1) allows a person to contest the qualifications of a party after a primary election for thirty-one days. Accordingly, considering the implementation of further election contest deadlines and the broadening of the scope of Section 23-15-923 to include contesting the primary on any general grounds, relevant changes have been made to the Election Code. In short, Kellum is not binding precedent today.
¶ 60. As described above, the current Election Code now contains many more statutes with filing deadlines longer then twenty days, and the only statutes with twenty day deadlines are for elections *1009 much smaller than the election in the case sub judies. The election at issue is a statewide primary election. Moreover, the chairman of the State Republican Executive Committee certified the results and transmitted the tabulated statement to the Secretary of State thirteen days after the election, which was late. The certified party candidate was not declared until thirteen days after the election, and under the Kellum rule, the challenging party would have one week to gather enough information on a statewide election to file a challenge. Application of the Kellum twenty-day deadline, as McDaniel argues, could limit and even eliminate a candidate’s opportunity to contest an election if there was delay in the executive committee’s declaration.
¶ 61. For the forgoing reasons, I am of the opinion that Section 23-15-923 and the Election Code informing Kellum have changed substantially and materially. Thus, I would hold that the doctrine of stare decisis does not mandate the application of the Kellum twenty-day rule.
¶ 62. Further, given that the Election Code now contains several other deadlines for contesting an election that are greater than twenty days, I would hold that the statute in question here, Section 23-15-923, contains no deadline. The rule in Mississippi is clear: “The courts have neither the authority to write into the statute something which the legislators did not write therein, nor to ingraft upon it any exception not included by them.” Balouch v. State, 938 So.2d 253, 260 (Miss.2006). Notably, Section 23-15-923 is the only statute in the Election Code that does not contain a deadline. Moreover, the Legislature amended Section 23-15-923 to specifically state it pertains to “more than one (1) county or parts of more than one (1) county” and did not implement a deadline. Miss.Code Ann. § 23-15-923. Accordingly, I would reverse the trial court’s dismissal of McDaniel’s challenge as untimely.
LAMAR, J., JOINS THIS OPINION.