# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-00587-SCT

*JOE D. CHANDLER*

*v.*

*FLOYD McKEE*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/18/2016 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| TRIAL COURT ATTORNEYS: | WILLIAM T. COOPER |
| | WALTER H. ZINN, JR. |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WALTER H. ZINN, JR. |
| ATTORNEYS FOR APPELLEE: | WILLIAM T. COOPER |
| | ELIZABETH F. JONES |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 10/27/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND BEAM, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Floyd McKee filed an election contest with the Clay County Democratic Executive Committee (CCDEC) after he was defeated by Joe Chandler in the Democratic primary run-off election for District 5 Supervisor of Clay County.  After the CCDEC ruled in favor of Chandler, McKee filed a petition for judicial review in Clay County Circuit Court. Chandler filed a motion to dismiss McKee's petition, arguing that it was not timely filed.  The instant interlocutory appeal arises from the circuit court's denial of Chandler's motion to dismiss. Finding that the circuit court erred in failing to grant Chandler's motion to dismiss, we reverse the circuit court's judgment and remand this case to the circuit court with instructions to dismiss McKee's petition for judicial review.

**FACTS AND PROCEEDINGS BELOW**

¶2. On August 25, 2015, Joe Chandler defeated Floyd McKee in the Democratic primary run-off election for District 5 Supervisor of Clay County by an eight-vote margin. On September 14, 2015, McKee filed a petition to contest the election with the CCDEC.[1] This petition was filed after McKee discovered several voting irregularities at a voting precinct when canvassing ballot boxes. These irregularities included votes cast by nonresidents of Clay County, votes cast by voters who had voted Republican in the first primary election,[2] and votes cast by voters who voted with an "X" and had no witnesses.

¶3. After conducting a hearing on September 21, 2015, the Committee, on September 23, ultimately denied McKee's petition and affirmed the election results, finding that there were no irregularities or illegalities that would have changed the outcome of the election. As a result, McKee filed a petition for judicial review, pursuant to Section 23-15-927 of the Mississippi Code, in the Clay County Circuit Court on October 2, 2015. In turn, Chandler moved to dismiss for McKee's failure to file the petition within ten days after the filing of his complaint with the CCDEC, as required by Section 23-15-927. Chandler argued that the petition should have been filed by September 24, 2015, but was not filed until October 2, 2015.[3]

---

[1]The CCDEC administered the primary election.

[2] The law prohibits crossover voting in primary run-off elections, which some refer to as the "second primary."

[3] McKee also challenged Chandler's qualifications as an elector. Chandler successfully moved to dismiss this issue. The circuit court determined that McKee had failed to challenge Chandler's qualifications within thirty-one days after the first primary election, as required by Section 23-15-963 of the Mississippi Code. That issue is not before this Court on appeal.

¶4. The circuit court held that McKee's petition was timely, interpreting Section 23-15-927 to require the petition for judicial review to be filed within ten days after the CCDEC reached its decision and not within ten days of the filing of the complaint with the CCDEC. This Court granted Chandler's petition for interlocutory appeal to review the trial court's interpretation of Section 23-15-927.

## STANDARD OF REVIEW

¶5. When reviewing a trial court's decision to deny a motion to dismiss, this Court will apply a de novo standard of review. *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 988 (Miss. 2004). Matters of statutory interpretation also are reviewed by this Court using a de novo standard. *Wallace v. Town of Raleigh*, 815 So. 2d 1203, 1206 (Miss. 2002) (citing *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 165 (Miss. 1999)). Similarly, "[i]n an election contest, the standard of review for questions of law is de novo." *McDaniel v. Cochran*, 158 So. 3d 992, 995 (Miss. 2014) (quoting *Garner v. State Democratic Exec. Comm.*, 956 So. 2d 906, 909 (Miss. 2007)) (citing *Ladner v. Necaise*, 771 So. 2d 353, 355 (Miss. 2000))

## DISCUSSION

**Whether the trial court erred in denying Chandler's motion to dismiss McKee's petition for judicial review as untimely.**

¶6. Section 23-15-927 of the Mississippi Code establishes the procedure for seeking judicial review of an unsuccessful county or statewide election contest. The statute provides in pertinent part:

> When and after any contest has been filed with the county executive committee, or complaint with the State Executive Committee, and the executive committee having jurisdiction fails to promptly meet or, having met, fails or unreasonably delays to fully act upon the contest or complaint or fails to give with reasonable promptness the full relief required by the facts and the law, the contestant shall have the right forthwith to file in the circuit court of the county in which the irregularities are charged to have occurred, or, if more than one (1) county is involved, then in one (1)

3

of the counties, a sworn copy of his protest or complaint, together with a sworn petition, setting forth with particularity how the executive committee has wrongfully failed to act or to fully and promptly investigate or has wrongfully denied the relief prayed by the contest, with a prayer for a judicial review thereof. *A petition for judicial review must be filed within ten (10) days after any contest or complaint has been filed with an executive committee.*

Miss. Code Ann. § 23-15-927 (Rev. 2015) (emphasis added). The interpretation of the last sentence of the above-quoted language is the sole issue before this Court. When a statute is plain and unambiguous, it is inappropriate for this Court to engage in statutory interpretation, which is used only if the "statute is ambiguous or is silent on a specific issue." ***Miss. Methodist Hosp. and Rehab. Ctr., Inc. v. Miss. Div. of Medicaid***, 21 So. 3d 600, 607 (Miss. 2009) (citing ***In re Guardianship of Duckett***, 991 So. 2d 1165, 1181 (Miss. 2008)). Legislative intent is the controlling feature of statutory interpretation, and its key component is the actual text of the statute, although the Court also may analyze the historical background, purpose, and objectives. ***Id.***

¶7.     Prior to 2012, Section 23-15-927 did not contain an explicit deadline for seeking judicial review of an election contest. Instead, the statute simply provided that a "contestant shall have the right *forthwith* to file [a petition for judicial review] in the circuit court of the county wherein the irregularities are charged to have occurred[.]" Miss. Code Ann. § 23-15-927 (2011). The term "forthwith" provided "no specific fixed time limit" but was to be determined on a case-by-case basis depending on the facts and circumstances of each case. ***Pearson v. Parsons***, 541 So. 2d 447, 450 (Miss. 1989), *superseded by statute as stated in **McDaniel***, 158 So. 3d 992. "This Court has interpreted 'forthwith' to be as few as four days and as many as forty-one." ***Id.*** (citing ***Shannon v. Henson***, 499 So. 2d 758 (Miss. 1986), ***Smith v. Deere***, 16 So. 2d 33, 35 (Miss. 1943)). The Legislature amended Section 23-15-927 in 2012 by adding the ten-day filing deadline that is the subject of the instant appeal. *See* 2012 Miss. Laws Ch. 476, § 1.

4

¶8.     Although the current version of Section 23-15-927 explicitly requires a petition for judicial review to be filed within ten days after a complaint has been filed with a state or county executive committee, the circuit court found this language to be ambiguous when compared to the statute as a whole. The court reached this conclusion after determining that Section 23-15-927 still allows a "forthwith" filing when "the executive committee having jurisdiction fails to promptly meet, or having met, fails or unreasonably delays to fully act upon the contest or complaint or fails to give with reasonable promptness the full relief required by the facts and the law . . . ." Miss. Code Ann. § 23-15-927. The court reasoned that, because the Committee did not fail to meet promptly and did not delay unreasonably to fully act upon the complaint, McKee "would be in direct opposition to the statute had he filed a petition for judicial review within ten (10) days after the complaint had been filed under the guise of the Executive Committee failing to promptly meet." The court also looked at the history of the statute and concluded that this Court has held multiple times that there is no fixed time limit to file a petition for judicial review under Section 23-15-927. *See, e.g., **Pearson***, 541 So. 2d at 450.  The court further reasoned that the Committee must render a decision before judicial review can be sought, as evidenced by the wording of the statute: "the filing of the petition for judicial review in the manner set forth in this statute shall automatically supersede and suspend the operation and effect of the order, ruling, or judgment of the Executive Committee appealed from." Miss. Code Ann. § 23-15-927.  Since the statute contemplates an "order, ruling, or judgment" from the executive committee, the circuit court found that the Legislature intended to require a petition to be filed within ten days after such an order, ruling, or judgment was rendered. For these reasons, the circuit court concluded that the statute does not support an interpretation requiring a petition for judicial review to be filed within ten days of the filing of a contest or a complaint with an executive committee.

5

¶9. Chandler argues that the circuit court erred in relying on cases decided prior to the 2012 amendment of Section 23-15-927 to interpret the word "forthwith" and the broader intent of the statute, because the circuit court's interpretation conflicts with the Legislature's explicit addition of a ten-day filing deadline. This Court recently addressed the 2012 amendment of Section 23-15-927 in a case involving another provision in the Mississippi Election Code. *McDaniel*, 158 So. 3d at 993. In *McDaniel*, Thad Cochran defeated Chris McDaniel in a Republican primary election for U.S. Senator. *Id.* McDaniel filed an election contest with the State Republican Executive Committee (SREC) forty-one days after the election. *Id.* After the SREC declined to consider McDaniel's complaint, he filed a petition for judicial review. *Id.* The circuit court dismissed McDaniel's petition, finding that he had failed to file his complaint with the SREC within twenty days of the election. *Id.* at 994. On appeal, McDaniel argued that Section 23-15-923, the statute setting the procedure for contesting congressional elections, did not include a specific filing deadline as a matter of legislative intent. *Id.* at 995. In support of this argument, McDaniel attempted to compare two other provisions in the Election Code. *Id.* at 995-96. Section 23-15-921, which sets the procedure for contesting a single-county election, includes a clear twenty-day filing deadline. *Id.* at 995 (citing Miss. Code Ann. § 23-15-921 (Rev. 2007)). On the other hand, McDaniel argued that Section 23-15-927 did not include a definite filing deadline but merely required a petition for judicial review to be filed "forthwith." *Id.* at 996. This Court rejected McDaniel's interpretation of Section 23-15-927, acknowledging that "Section 23-15-927 was amended in 2012 and now gives challengers ten days to file a petition for judicial review." *Id.* (citing Miss. Code Ann. 23-15-927 (Supp. 2014)). The Court ultimately affirmed the circuit court's dismissal of McDaniel's petition, finding that the Legislature had acquiesced to the judicial interpretation of Section 23-15-923 as having a twenty-day filing deadline. *Id.* at 1001-02.

6

¶10.    While *McDaniel* addressed a different provision of the Mississippi Election Code, it supports Chandler's position in two ways.  First, the *McDaniel* Court clearly rejected the argument that Section 23-15-927 does not contain an explicit filing deadline, recognizing that it had been amended in 2012 to include a ten-day deadline.  *Id.* at 996. Second, the *McDaniel* Court's discussion of legislative adoption of the judicial interpretation of a statute is applicable to the instant case.  Section 23-15-923, the statute at issue in *McDaniel*, does not include an explict filing deadline, but this Court previously interpreted it as containing a twenty-day deadline. *Id.* at 998 (citing *Kellum v. Johnson*, 158 So. 2d 147, 1498 (Miss. 1959).  After *Kellum* was decided, the Legislature reenacted Section 23-15-923 without material change. *Id.* at 999.  Thus, "[t]he Court's interpretation of the statutes in *Kellum* was approved by the Legislature, and, absent legislative action, has become a part of the statute." *Id.* at 1000.

¶11.    With Section 23-15-927, on the other hand, the Legislature materially altered the statute in 2012 by requiring petitions for judicial review to be filed "within ten (10) days after any contest or complaint has been filed with an executive committee."  Miss. Code Ann. § 23-15-927.  Thus, the Legislature clearly did not adopt this Court's prior interpretations of Section 23-15-927 by acquiescence.

¶12.    Because the Legislature materially changed Section 23-15-927 in 2012 by adding a ten-day filing requirement, we find that the circuit court erred in relying on cases that interpreted previous versions of the statute. Section 23-15-927 is neither ambiguous nor silent regarding the filing deadline, and, therefore, the plain meaning of the statute should be applied because it is the best evidence of legislative intent. McKee argues, as the circuit court found, that it would be illogical to file a petition for judicial review without first obtaining a ruling from the Committee, because Section 23-15-927 provides that the filing of such a petition "shall automatically supersede and

7

suspend the operation and effect of the order, ruling or judgment of the executive committee appealed from." Miss. Code Ann. § 23-15-927. But Section 23-15-927 contains no language requiring the petitioner to wait until the executive committee has ruled before filing a petition for judicial review. On the contrary, the statute clearly requires the petition to be filed within ten days of the filing of the complaint with the executive committee, without regard for whether the executive committee has ruled on the complaint. The Legislature's amendment of Section 23-15-927 recognizes the policy that "election contests (both primary and general) are by their very nature required to be put on a 'fast-track' by both election officials and the courts. While we all want to assure fairness and discern the will of the voters, we must move promptly so as to not disrupt the election process." *Waters v. Gnemi*, 907 So. 2d 307, 316 (Miss. 2005). The statutory language quoted by McKee merely confirms that, in the event that the executive committee rules on the election contest, the timely filing of a petition for judicial review supersedes and suspends that ruling.

¶13. We must follow the text of the statute when it is clear and unambiguous. It is not this Court's duty to change statutory language where it sees fit, but only to interpret the language provided by the Legislature. *Stockstill v. State*, 854 So. 2d 1017, 1022-23 (Miss. 2003). Because McKee did not comply with the ten-day filing requirement, we hold that his petition for judicial review was untimely and should have been dismissed.

## CONCLUSION

¶14. For the reasons stated above, we reverse the circuit court's judgment and remand the case to the circuit court with instructions to dismiss McKee's petition for judicial review.

¶15. **REVERSED AND REMANDED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.**