# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-EC-00416-SCT

*BARRY BRYANT*

*v.*

*GLORIA DICKERSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/14/2016 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| TRIAL COURT ATTORNEYS: | MARK W. GARRIGA |
| | TOM P. CALHOUN, III |
| | BRIAN PARKER BERRY |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMIE FERGUSON JACKS |
| ATTORNEY FOR APPELLEE: | TOM P. CALHOUN, III |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 11/16/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Following a narrow loss to Gloria Dickerson in the Sunflower County Board of Supervisor's Democratic Primary election, Barry Bryant filed a Petition to Contest Qualifications of Gloria Dickerson as Nominee for Supervisor. Specifically, Bryant claimed that Dickerson was not a resident of Sunflower County. In the Sunflower County Circuit Court, Senior Status Judge Breland Hilburn heard the contest and found in favor of Dickerson. Bryant now appeals the circuit court's decision. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On February 3, 2015, Dickerson submitted her Qualifying Statement of Intent to run in the Democratic Primary for the Board of Supervisors, Fifth District, in Sunflower County. Dickerson listed her mailing and street address as "166 Broadway, Drew, MS 38737[.]" Bryant, the incumbent, also qualified for the primary.  By a narrow margin, Dickerson defeated Bryant in the primary election held on August 4, 2015.

¶3.     On August 20, 2015, Bryant submitted a Petition to Contest Qualifications "pursuant to Miss[issippi] Code Ann[otated section] 23-15-921" to the Executive Committee of the Democratic Party in Sunflower County.  Then, on August 27, 2015, Bryant "in accordance with Miss[issippi] Code Ann[otated section] 23-15-927[,]" filed his Petition to Contest Qualifications of Gloria Dickerson as Nominee for Supervisor with the circuit court.  The sole basis for Bryant's challenge is his claim that Dickerson "was not a domiciled resident of Sunflower County nor did she provide absolute proof that she would be a domiciled resident of Sunflower County prior to the [general] election."  Bryant provided the following facts as proof that Dickerson was, in fact, a resident of Hinds County at the time she filed her qualifying papers:

> Since 1985, Dickerson and her husband have jointly owned a home in Jackson, Mississippi.
>
> The recent homestead exemption application shows the Jackson home as the primary home.
>
> Dickerson and her husband have Hinds County license plates on their cars.
>
> Dickerson's driver's license lists the Jackson home as her home address.

2

A campaign video "shows [Dickerson] unequivocally claiming she lives in Jackson, Mississippi."

Her nonprofit corporation lists the Jackson home as the contact address for her.

Dickerson's social media sites state that she lives in Jackson, Mississippi.

Dickerson does not actually own the home in Sunflower County that she used as her address on the Qualifying Papers.

While Dickerson does own two empty lots in Sunflower County, the 2015 tax records list the Jackson home as the address of the lots' owner.

Dickerson's voter registration, until it changed in January 2015, and voting records indicate she participated in Hinds County elections since 2007.

Dickerson was personally served the original petition challenging her qualifications at the Jackson home.

Dickerson filed her answer on September 28, 2015.

¶4. The circuit court heard from numerous witnesses and reviewed documents over the course of the two-day hearing held on October 21, 2015, and November 10, 2015. The circuit court entered an order on January 14, 2016, finding Dickerson to be a resident of Sunflower County and dismissing Bryant's petition. The order also stated that "The court has consulted with 5 members of the Sunflower County Election Commission with 5 members of the Commission agreeing with this Decision and 0 members disagreeing."

¶5. On appeal, Bryant contends that the Court should review the circuit court's findings of fact "when neither the [circuit] court's opinion nor the Commissioners['] alleged concurrence is dictated in the record." Further, Bryant claims that Dickerson's "[h]omestead [e]xemption in Hinds County [c]reates a [s]trong [p]resumption [that] her [r]esidency is Hinds County." Finally, Bryant submits that Dickerson's "[p]roof [f]ailed to [o]vercome the

3

[s]trong [p]resumption her [r]esidence was Hinds County, not Sunflower County."

## ANALYSIS

¶6.     "In an election contest, the standard of review for questions of law is de novo." ***Garner v. State of Miss. Democratic Exec. Comm.***, 956 So. 2d 906, 909 (¶ 6) (Miss. 2007) (internal citations omitted).  Further, the Court reviews findings of fact by a trial court first pursuant to Mississippi Code Section 23-15-933, which will be discussed *infra*.  Then, should the factual findings be subject to the Court's review, the trial court's factual findings would be reviewed for "manifest error, i.e., whether the findings were the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence."  ***Garner***, 956 So. 2d at 909 (¶ 6).

### I.     Mississippi Code Section 23-15-933

¶7.     Bryant's first issue on appeal involves the Court's review of the circuit court's factual findings pursuant to Mississippi Code Section 23-15-933.  Mississippi Code Section 23-15-933 (Rev. 2015) provides:

> The contestant or contestee, or both, may file an appeal in the Supreme Court within the time and under such conditions and procedures as are established by the Supreme Court for other appeals.  If the findings of fact have been concurred in by all the commissioners in attendance, provided as many as three (3) commissioners are and have been in attendance, the facts shall not be subject to appellate review.  But if not so many as three (3) of the commissioners are or have been in attendance, or if one or more commissioners dissent, upon review, the Supreme Court may make such findings as the evidence requires.

Bryant explains that "there is nothing in the record to suggest what commissioners attended

which days of this two day trial."[1]

¶8. The circuit court's order explicitly stated that it consulted with all five commissioners, and all five agreed with the circuit court's order. Additionally, the circuit court referenced the commissioners on several occasions throughout the hearings, and at one point addressed them as "ladies and gentlemen of the Election Commission . . . [,]" which implies that multiple commissioners were present. In *Vinson v. Johnson*, 493 So. 2d 947 (Miss. 1986), we stated:

> [I]n the absence of anything appearing to the contrary, a judgment of court of competent jurisdiction imports verity, and is presumed valid. In the absence of anything in the record appearing to the contrary, this Court will presume the trial court acted properly, and if evidence was necessary, that court heard sufficient evidence to support the judgment."

We do not read Bryant's argument to be that there were not three or more commissioners present at the hearings, and if that is his argument, it fails because he has put forth no evidence to contradict the evidence as explained *supra*.

¶9. Further, Bryant's specific argument in his brief is that "there is nothing in the record to suggest what commissioners attended which days" of the hearings. Section 23-15-933 contains no roll-call requirement that, at each hearing, requires the making of a list of which commissioners were present for Section 23-15-933 to apply. We hold that Section 23-15-933

---

[1] Bryant also argues that the Court should review the circuit court's factual findings "because a close reading of Mississippi Code Annotated [section] 23-15-933 demands that the trial court dictate his findings of fact into the record and the Election Commissioners, then and there, declare whether they concur with the trial court's findings. Neither of these requirements were met in this case . . . ." Further, "[t]here is also no evidence in the record of the date of the called meeting by the trial court and clerk, which commissioners were actually in attendance at this meeting with the trial judge or how they voted, all of which would be required . . . ." Section 23-15-933 contains no such requirements.

5

is applicable in the present case; therefore, we will not review the circuit court's factual findings.

## II. Dickerson's Residence

¶10. In *Bryant v. Westbrooks*, 99 So. 3d 128, 134 (¶ 17) (Miss. 2012), the Court explained: "While the existence of a residency requirement was a question of law suitable for summary review by a circuit judge, the question of whether a candidate meets the residency requirement clearly involves questions of fact." The remainder of Bryant's appeal is based on the circuit court's factual finding that Dickerson was a resident of Sunflower County and such factual finding is not subject to the Court's review pursuant to Section 23-15-933

## CONCLUSION

¶11. Section 23-15-933 is applicable to the present case because all five commissioners concurred with the circuit court's order; therefore, we do not review the factual finding that Dickerson was a Sunflower County resident. We affirm.

¶12. **AFFIRMED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**