# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-EC-00097-SCT

*IN RE: DEMOCRATIC PRIMARY FOR*
*HUMPHREYS COUNTY TAX ASSESSOR AND*
*COLLECTOR: MARGARET PARKS*

*v.*

*VEDA HORTON*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/24/2020 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| TRIAL COURT ATTORNEYS: | JOHN R. REEVES |
| | SAMUEL L. BEGLEY |
| COURT FROM WHICH APPEALED: | HUMPHREYS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN R. REEVES |
| ATTORNEY FOR APPELLEE: | SAMUEL L. BEGLEY |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 08/13/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     In 2019, Margaret Parks and Veda Horton were candidates in the Democratic Primary runoff election for Humphreys County Tax Assessor and Collector.  Horton received the most votes, and Parks contested the election.  The circuit judge ruled that the primary should be nullified and ordered a special election, a ruling not contested in this appeal.

¶2.     The circuit judge's order was entered seven days after Horton was sworn in as Humphreys County Tax Assessor and Collector.   Parks filed a motion for the circuit judge to declare her, the incumbent, the holdover officeholder, or, in the alternative, to declare the

office vacant pending a special election. The circuit judge ruled that Horton was the lawful officeholder and denied the motion. This appeal challenges the circuit judge's ruling, and this Court must consider whether the office should be declared vacant or, if it is not, who the proper officeholder should be until the new election is completed.

¶3.     Because Horton entered the term of office before the final adjudication of the election contest, under Mississippi Code Section 23-15-937, Horton is the lawful holder of the office until the special election is held. Accordingly, this Court affirms the circuit judge's decision to deny Parks's motion to declare her the holdover officeholder or to declare the office vacant.

## FACTS AND PROCEDURAL HISTORY

¶4.     In 2015, Parks was elected as Humphreys County Tax Assessor and Collector. In 2019, Parks qualified to run for reelection in the Democratic Primary. Horton also qualified to run for the office.

¶5.     Neither Parks nor Horton received a majority of the votes cast in the August 2019 primary. As a result, a runoff election was necessary. Parks and Horton received the most votes in the primary and were declared the candidates in the runoff election. The runoff was held on August 27, 2019. Horton received the most votes and was certified the Democratic nominee in the general election.

¶6.     Parks filed a timely election-contest petition with the Humphreys County Democratic Executive Committee. The committee failed to respond to or act on Parks's petition. On

2

September 25, 2019, Parks filed a petition for judicial review with the Humphreys County Circuit Court.

¶7.	For the November 5, 2019 general election, Horton was listed on the ballot as the Democratic nominee for the office of Tax Assessor and Collector by the Humphreys County Election Commission.  Horton won the general election without opposition.

¶8.	On November 15, 2019, the special circuit judge presided over a three-day trial on the election contest.[1]  The circuit judge gave counsel until December 26, 2019, to submit prepared findings of fact and conclusions of law.

¶9.	On January 6, 2020, Horton was sworn in to the office of Humphreys County Tax Assessor and Collector and began her term of office.  Horton signed her oath, secured the required surety bond, and began work in the office's physical location.

¶10.	On January 7, 2020, the circuit judge electronically submitted the Opinion and Order to the parties' attorneys.  In the Opinion and Order, the circuit judge ruled that the primary election should be annulled and ordered a special primary election to determine the rightful officeholder. On January 13, 2020, the circuit clerk entered the judge's Opinion and Order.

¶11.	On January 21, 2020, Governor Tate Reeves issued a writ of election that ordered a special election on April 21, 2020. Due to COVID-19-related safety concerns and at the request of the Humphreys County Circuit Clerk, Governor Reeves issued an amended writ

---

[1] This Court designated a senior-status judge to serve as special circuit judge in this proceeding.

3

of election, rescheduling the special election to August 3, 2020.

¶12.    On January 24, 2020, the circuit judge issued a second Opinion and Order that decided Parks's motion to be declared the holdover officeholder or, in the alternative, to declare the office vacant pending a new election. The circuit court ruled,

> Because the Opinion and Order of the Court had not been entered before January [6], 2020, the contestee, Respondent Horton, "entered upon the term" of her office as provided by Miss. Code Ann. § 25-1-5. And, because the Respondent had "entered upon the term" she will not "vacate the office" under Section 23-15-937 until "qualification of the person elected at the special election." Based on the clear language of Section 23-15-937, the office of Tax Assessor/Collector is not vacant, as the Petitioner alleges, because the Respondent lawfully holds the office until the winner of the special election ordered by the Court is qualified. Likewise, the Petitioner is not a holdover of the office.

It is from this decision that Parks now appeals.

## STANDARD OF REVIEW

¶13.    "In an election contest, the standard of review for questions of law is de novo." *McDaniel v. Cochran*, 158 So. 3d 992, 995 (Miss. 2014) (internal quotation marks omitted) (quoting *Garner v. State Democratic Exec. Comm.*, 956 So. 2d 906, 909 (Miss. 2007)).

## ANALYSIS

¶14.    Parks argues that the circuit judge erred by deciding to declare Parks the holdover officeholder or to declare the office vacant pending the special election. Specifically, Parks argues that the filing of her petition for judicial review of her election contest superseded and suspended Horton's party nomination that Horton had won in the primary election.

¶15.    Parks cites Mississippi Code Section 23-15-927 (Rev. 2018), which states, in relevant

4

part, that "[t]he filing of the petition for judicial review in the manner set forth in this section shall automatically supersede and suspend the operation and effect of the order, ruling or judgment of the executive committee order appealed from."

¶16. The circuit judge ruled that Section 23-15-927 was not applicable here. The circuit judge reasoned, and this Court agrees, that (1) the county executive committee failed to respond to or act on Parks's election contest petition, and (2) "the county executive committee's certification of the August 27, 2019 Democratic Primary Runoff Election . . . is not an 'order, ruling, or judgment' deciding the election contest."

¶17. Parks did not appeal the executive-committee order because the committee had not issued an order on her election contest. Further, Horton's certification as the party nominee cannot be classified as an executive-committee order. Therefore, because Section 23-15-927 is not applicable here, the filing of the election-contest petition did not suspend or supersede Horton's party nomination.

¶18. Next, Parks argues that the circuit judge's January 13, 2020 Opinion and Order invalidated the primary election and also vacated the office. Parks argues that as a result of the vacancy, she was the incumbent and was the lawful holder of the office pending the outcome of the special election.

¶19. Horton responded that she was the lawful officeholder because she entered the term of the office before the final adjudication of Parks's election contest. Horton relies on Mississippi Code Section 23-15-937 (Rev. 2018), which states in pertinent part,

When no final decision has been made by the time the official ballots are required to be printed, the name of the nominee declared by the party executive committee shall be printed on the official ballots as the party nominee, but the contest or complaint shall not thereby be dismissed but the cause shall nevertheless proceed to final judgment and if the judgment is in favor of the contestant, the election of the contestee shall thereby be vacated and the Governor, or the Lieutenant Governor, in case the Governor is a party to the contest, shall call a special election for the office or offices involved. If the contestee has already entered upon the term he shall vacate the office upon the qualification of the person elected at the special election, and may be removed by quo warranto if he fails so to do.

¶20. Here, at the time the official general-election ballots were required to be printed, no final decision of Parks's election contest had been made. As a result, Horton's name was printed on that ballot as the Democratic party nominee. Parks's election contest proceeded to final judgment. The circuit court rendered its final judgment in Parks's favor, vacated the election of Horton, and the governor called a special election. Horton took office on January 6, 2020, seven days before the circuit clerk's entry of the final judgment on the election contest. Because Horton had "already entered upon the term," she was not required to vacate the office until "the qualification of the person elected at the special election." Accordingly, Horton is the lawful officeholder pending the outcome of the special election.

¶21. Parks cites *Smith v. Deere*, 195 Miss. 502, 16 So. 2d 33, 33 (1943), *superseded on other grounds by statute as stated in Chandler v. McKee*, 202 So. 3d 1269 (Miss. 2016), for the proposition that if the election of a contestee is vacated, the office becomes vacant as a matter of law. In *Smith*, the Court considered a primary election contest in a county supervisor election. *Id.* Deere contested the election, and the circuit court declared him to

6

be the party nominee and ordered that his name be placed on the general-election ballot. *Id.* at 504. This Court reversed the circuit court and held,

> It follows from what has been said that the contestee Deere was not nominated at the second primary, the vote between him and the contestant having been a tie. The subsequent election of Deere at the November election was therefore void, and he is not entitled to enter upon the office on the first Monday in January next, and as already indicated, judgment will be entered here to that effect . . . .

*Id.* at 508. It is important to note that Deere had not taken office when this Court vacated his party nomination and precluded him from entering upon the term of office. Here, Horton had already taken office on January 6, 2020, before the circuit judge entered the Opinion and Order that nullified the primary election and ordered a special election.

¶22. Therefore, under Section 23-15-937, Horton is entitled to hold the office, and "[s]he shall vacate the office upon the qualification of the person elected at the special election." In addition, this Court finds that since Horton is now the lawful holder of the office, the office is not vacant.

## CONCLUSION

¶23. For the foregoing reasons, we affirm the circuit court's denial of Parks's motion to be declared Humphreys County Tax Assessor and Collector, or, in the alternative, to declare the office vacant. As a matter of law, Horton is the rightful officeholder until a qualified person is elected in the special election set to be held on August 3, 2020.

¶24. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**

7