# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-00956-SCT

*DALE K. THOMPSON*

*v.*

*DESOTO COUNTY INTERVENTION COURT*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2020 |
| TRIAL JUDGE: | HON. JAMES McCLURE, III |
| TRIAL COURT ATTORNEYS: | PAUL SCOTT |
| | SAMUEL BARBER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PAUL SCOTT |
| | SAMUEL BARBER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA W. BYRD |
| | DREW D. GUYTON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 05/05/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1. In 2006, the Seventeenth Circuit Court District established a drug court, now referred to as an intervention court. Offenders placed in the intervention court are required to pay at least $100 to help defray the costs of the monitoring program and operation of the intervention court. At the request of the presiding judge, the circuit clerk of DeSoto County, Dale K. Thompson, agreed to collect all intervention-court participation fees for the district.

¶2. On May 31, 2019, Circuit Judge James McClure, III, entered an order consistent with the 2006 order and ruled that the offenders' $100 participation fee paid to the intervention

court was an alternative sentence imposed by Mississippi Code Sections 9-23-3 to - 51 (Rev. 2019). The circuit judge held:

> WHEREAS, Miss. Code Ann. 9-1-43 (5) 2nd paragraph (b) directs any portion of any fees required by law or court order to be collected in criminal cases to be deposited into an account designated as the "Circuit Court Clerk Criminal Clearing Account;"

> NOW, THEREFORE, IT IS HEREBY ORDERED that all Intervention Court/ Drug Court Fees and assessments be paid by participants directly to the office of the Clerk of the Circuit Court.

¶3. On July 1, 2019, Thompson filed a Petition for the Court to Set Aside or Rescind the Order Directing Intervention Court/Drug Court Fees to Be Paid at the Circuit Clerk's Office. Thompson argued that the office of the circuit clerk is responsible for collection of criminal fines and fees under Mississippi Code Section 9-l-43(5) (Rev. 2019), which requires the circuit clerk to collect (a) restitution funds, (b) fees and fines required by law or court order in a criminal case and (c) all cash bonds as shall be deposited with the court. Thompson claimed that the participation fee was neither a criminal fine nor a fee. She also asserted that the circuit clerk is not currently compensated in any way for processing the intervention-court participation fees; because it is not a statutory duty, she argues that her salary does not cover this work. Since there is no statutory authority to do so, Thompson claimed that the circuit clerk may not retain any processing fees or administrative-cost fees as is done for other duties of the circuit clerk, such as processing civil complaints.

¶4. A hearing was held on the petition. Thompson testified that, since 2007, the DeSoto County Circuit Clerk's Office has collected and retained intervention-court fees. The number of intervention-court participants has steadily increased, with an estimated four hundred

2

participants within the Seventeenth Circuit Court District in 2019. About three hundred of the participants were from DeSoto County.

¶5.    Thompson claimed that the hardship on her office has increased with the number of participants.  At times, the volume of intervention-court fees paid to the clerk's office requires two of the four deputy clerks in the office to receive the fees and issue receipts.  In addition, at least one deputy clerk is required to be present for circuit court proceedings that were not related to intervention-court.  Thompson was concerned that the receipt of intervention-court funds takes away from other clerk duties, for example, receiving money in circuit court cases, attending trials, and answering phones.

¶6.    Thompson also testified that her office incurs other expenses necessary to account for intervention-court funds.  The expenses included increased costs for accounting, bookkeeping, surety bonding, and office supplies.

¶7.    Clerks must account daily for the intervention-court participation fees. The participation fees received are compiled in a report and sent to state auditors.  Thompson said that she currently does not have daily access to the intervention-court clearing account. The clerk's office deposits any intervention-court funds that she receives into the general criminal clearing account, and then she must settle the accounts and write a check to deposit the funds in the intervention-court county account.

¶8.    Judge McClure denied the petition and held that intervention-court "sentences are criminal cases which include fines, fees and assessments levied against a criminal defendant. . . . [I]t is the Circuit Clerk's duty to collect any portion of any fees required by law or court

3

order in criminal cases. Mississippi Code Section 9-1-43(5)(b)." Judge McClure also ruled that "[t]he issue which [Thompson] has about collecting criminal case fines, fees and assessments in Intervention Court . . . cases and not being compensated is an issue to be addressed by the State Legislature."

¶9.     Thompson appeals this order and raises three issues: (1) whether participation fees under Mississippi Code Section 9-23-19 (Rev. 2019) are the same as criminal fines under Section 9-1-43(5); (2) whether the circuit court had the authority to order circuit clerks to collect participant fees and fines associated with the intervention court; and (3) whether the circuit court had the authority to order the circuit clerk to collect intervention-court fees without compensation.[1]

**DISCUSSION**

¶10.    "Matters of statutory interpretation . . . are reviewed by this Court using a de novo standard." ***Chandler v. McKee***, 202 So. 3d 1269, 1271 (Miss. 2016) (citing ***Wallace v. Town of Raleigh***, 815 So. 2d 1203, 1206 (Miss. 2002)). When "the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." ***Miss. Dep't of Revenue v. SBC Telecomm. Inc.***, 306 So. 3d 648, 652 (Miss. 2020) (internal quotation mark omitted)  (quoting ***Vicksburg Healthcare, LLC v. Miss. Dep't of Health***, 292 So. 3d 223, 226 (Miss. 2020)). "But if the statute is ambiguous or silent on a specific issue, statutory interpretation is appropriate, and

---

[1] The DeSoto County Intervention Court filed a motion to dismiss the appeal. On November 3, 2021, an order was entered restyling the case from Dale K. Thompson v. State of Mississippi to Dale K. Thompson v. DeSoto County Intervention Court. The DeSoto County Intervention Court's motion to dismiss the appeal is denied.

the Court must 'ascertain the intent of the legislature from the statute as a whole and from the language used therein.'" ***Am. Tower Asset Sub, LLC v. Marshall Cnty.***, 324 So. 3d 300, at 302 (Miss. 2021) (quoting ***BancorpSouth Bank v. Duckett (In re Guardianship of Duckett)***, 991 So. 2d 1165, 1181-2 (Miss. 2008)). "A statute is ambiguous when open to two or more reasonable interpretations." ***Cellular S., Inc. v. BellSouth Telecomms., LLC***, 214 So. 3d 208, 212 (Miss. 2017) (citing ***Tellus Operating Grps., LLC v. Maxwell Energy, Inc.***, 156 So. 3d 255, 261 (Miss. 2015)).

¶11. The issue here is whether intervention-court participation fees, collected under Section 9-23-19(1), are the same as criminal fines under Section 9-1-43(5). Section 9-23-19(1) provides:

> All monies received from any source by the intervention court shall be accumulated in a fund to be used only for intervention court purposes. Any funds remaining in this fund at the end of a fiscal year shall not lapse into any general fund, but shall be retained in the Intervention Court Fund for the funding of further activities by the intervention court.

Miss. Code Ann. § 9-23-19(1) (Rev. 2019). Section 9-1-43(5) provides:

> There is created in the county depository in each county a clearing account to be designated as the "circuit court clerk criminal clearing account," into which shall be deposited: (a) all such monies as are received in criminal cases in the circuit court pursuant to any order requiring payment as restitution to the victims of criminal offenses; (b) *any portion of any fees and fines required by law or court order to be collected in criminal cases*; and (c) all cash bonds as shall be deposited with the court.

Miss. Code Ann. § 9-1-43(5) (Rev. 2019) (emphasis added).

¶12. Thompson asserts that the intervention-court participation fee is not a criminal fine or fee because criminal proceedings are suspended for participants in the program. She also

claims that the statutory requirement to deposit the funds collected into the intervention-court account is different from criminal fees retained under Section 9-1-43(5).

¶13.    In response, the State argues that the intervention court was established to address specific alcohol- or drug-related crimes. Therefore, any fees ordered and collected by the intervention court must be criminal. The State also asserts that the participation fee is a criminal fee because intervention courts deal with alternative sentencing and punishments for drug- or alcohol-related crimes.    Thus, the State asserts that intervention court participation is under the purview of Section 9-1-43(5).

¶14.    Section 9-23-19 is silent as to whether the intervention-court participation fee is civil or criminal. When a statute is silent as to an issue, this Court may engage in statutory interpretation. *McDaniel v. Cochran*, 158 So. 3d 992, 996 (Miss. 2014). "The best evidence of legislative intent is the text of the statute; the Court may also look to the statute's historical background, purpose, and objectives." *Id.* at 996 (internal quotation marks omitted) (quoting *Miss. Methodist Hosp. & Rehab. Ctr., Inc v. Miss. Div. Medicaid*, 21 So. 3d 600, 607 (Miss. 2009), *abrogated on other grounds by King v. Miss. Mil. Dep't*, 245 So. 3d 404, 409-10 (Miss. 2018)).

¶15.    In 2003, the Legislature enacted the Alyce Griffin Clarke Intervention-Court Act, codified as Mississippi Code Sections 9-23-1 through -51. The Act was designed to "facilitate local intervention court alternative orders adaptable to [the] chancery, circuit, county, youth, municipal, and justice courts." Miss. Code Ann. § 9-23-3 (Rev. 2019). The intervention court was created to "reduce the incidence of alcohol and drug use, . . .

6

addiction, and crimes committed as a result of alcohol and drug use and . . . addiction." *Id*. The statutory goals of intervention-courts, set forth in Mississippi Code Sections 9-23-3(2)(a)-(f) (Rev. 2019) clearly indicate that the role of intervention courts is to deal with criminal behavior through restorative justice.

¶16. Mississippi Code Section 9-23-19(4) (Rev. 2019) grants the court authority to "assess . . . reasonable and appropriate fees to be paid . . . for participation in an alcohol or drug intervention program." Additionally, intervention-court participants may be ordered to undergo periodic drug and alcohol testing. Miss. Code Ann. § 9-23-15(3)(a) (Rev. 2019). If a "participant completes all requirements imposed by the intervention court, including the payment of fines, . . . the charge and prosecution shall be dismissed." Miss. Code Ann. § 9-23-23 (Rev. 2019).

¶17. All monies that remain after intervention-court proceedings are deposited into an intervention-court fund retained by the intervention-court and do not lapse into the general fund. Miss. Code Ann. § 9-23-19(1). The purpose of the intervention-court fund is to subsidize "further activities by the intervention court." Miss. Code Ann. § 9-23-19(1). "All monies received from any source by the intervention court shall be accumulated in a fund to be used only for intervention court purposes." *Id.* Mississippi Code Section 9-23-51 (Rev. 2019) similarly provides that "[t]he purpose of the fund shall be to . . . [supplement] funding to all [intervention] courts in the state."

¶18.    Since the intervention court is an "adult felony intervention court," the language makes plain that the intervention court is criminal.[2] Miss. Code Ann. § 9-23-11(2)(c)(iii) (Rev. 2019). Therefore, fees obtained during intervention-court proceedings are criminal fees. Once a court orders a fine or fee in a criminal case, it falls to the circuit clerk's office to collect that fine or fee. Miss. Code Ann. § 9-1-43(5). Therefore, we find no error in the circuit court's order that denied the petition and required the circuit clerk to continue to collect and account for the intervention-court participation fees as criminal fines and fees under Mississippi Code Section 9-l-43(5).

¶19.    Also, in the briefs filed with this Court and in oral argument, Thomson argued that she should be compensated for the additional work of her office and the hardships encountered. Certainly, the intervention-court statutes provide authority for the court to use intervention-court funds to pay employees as well as other expenses that are ordinary, necessary, and reasonable expenses of the intervention-court program.

¶20.    Here, however, this Court's review is limited to Thompson's petition and the circuit court's order. Thompson's petition simply did not ask for an award of compensation, either retroactively or prospectively. Thus, this Court cannot find the circuit court's order to be reversible error because a trial judge cannot be held in error for issues not presented for a ruling. *Taylor v. State*, 330 So. 3d 758, 764 (Miss. 2021).

---

[2] The Court of Appeals has also opined that the intervention courts oversee criminal matters. *Sturkin v. Miss. Ass'n of Supervisors, Inc.*, 315 So. 3d 521, 526 (Miss. Ct. App. 2020) ("A[n] [Intervention] Court is considered a hybrid specialized or diversion court that handles drug crimes or crimes that are considered 'drug driven' (to include DUI and probation violations).").

¶21.   **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM AND ISHEE, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CHAMBERLIN, J., NOT PARTICIPATING.**