# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-EC-00486-SCT

*S. NICHOLAS HOLLIDAY*

*v.*

*ROBERT DEVAULL*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/01/2021 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WALTER HOWARD ZINN, JR. |
| | MARK COLEMAN McCLINTON |
| ATTORNEYS FOR APPELLEE: | LYDIA QUARLES |
| | JAMES RAY MOZINGO |
| NATURE OF THE CASE: | ELECTION CONTEST |
| DISPOSITION: | REVERSED AND RENDERED - 09/15/2022 |

**BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Nicholas Holliday appeals the decision of the Monroe County Circuit Court. Holliday argues that the circuit court lacked subject matter jurisdiction to resolve an election contest brought by Robert Devaull concerning the 2020 Democratic Primary Runoff Election for Alderman, Ward I, in Aberdeen. Holliday relies on Devaull's failure to comply with the statutory requirements of Mississippi Code Section 23-15-927. Additionally, Holliday submits that the trial court committed manifest error by determining that a special election was warranted.

## FACTUAL AND PROCEDURAL HISTORY

¶2.     Holliday and Devaull faced off in the Democratic Primary Runoff Election for

Alderman, Ward I, in Aberdeen on June 16, 2020. In the final count, Holliday prevailed. Asserting that substantial errors had occurred during the election and ballot count, Devaull filed a complaint with the Aberdeen Municipal Democratic Executive Committee (the Committee) on July 6, 2020. The Committee held a hearing on July 15, 2020, and upheld Holliday's win.

¶3.   Seeking to have the circuit court review the election and decision of the Committee, Devaull filed his Petition for Judicial Review of Election Contest with the Monroe County Circuit Court on July 16, 2020. In his petition, Devaull sought to invoke the court's power to resolve primary election contests as set forth in Mississippi Code Section 23-15-927 (Rev. 2018). Along with his petition, Devaull attached an unsworn copy of the complaint he filed with the Committee.

¶4.   Special Judge Jeff Weill Sr. was appointed on July 31, 2020, to hear and resolve the election contest. Devaull subsequently amended his Petition (First Amended Petition) on August 10, 2020, to include a copy of the transcript from the Committee hearing.

¶5.   On December 15, 2020 (four and a half months later), Holliday filed a motion under Mississippi Rule of Civil Procedure 12(b)(1) asserting that the trial court lacked subject matter jurisdiction because Devaull failed to file a sworn copy of the complaint he made with the Committee within the ten day statutory deadline set forth in Section 23-15-927. Devaull then filed his Second Amended Petition on December 16, 2020. In his Second Amended Petition, Devaull belatedly swore to all the allegations contained in his First Amended Petition, including the complaint to the Committee, and sought to have his Second Amended

Petition relate back to the date the original Petition was filed, July 16, 2020.

¶6.    Holliday then filed an Answer to both the First and Second Amended Petitions on December 17, 2020. Holliday also moved to strike Devaull's Second Amended Petition as an improper attempt to use the relation back provision of Mississippi Rule of Civil Procedure 15(c). The trial court ultimately denied Holliday's motion on January 4, 2021, and proceeded to try the case from January 4 to January 8, 2021.

¶7.    On February 26, 2021, the trial court issued its findings of fact and conclusions of law along with a final judgment ordering a special election. Holliday filed an omnibus motion on March 11, 2021, challenging the trial court's subject matter jurisdiction and its decision to order a special election, *inter alia*. The trial court denied Holliday's omnibus motion on April 5, 2021, and Holliday timely filed his notice of appeal on May 3, 2021.

## STATEMENT OF THE ISSUES

¶8.    We are asked to determine, *inter alia*, whether the trial court erred by finding that it had subject matter jurisdiction to hear this election contest under Mississippi Code Section 23-15-927. Our response to that inquiry is dispositive.

## STANDARD OF REVIEW

¶9.    This Court applies de novo review to jurisdictional issues and to matters of statutory interpretation. ***Bd. of Supervisors of Clarke Cnty., Miss. v. BTH Quitman Hickory, LLC***, 255 So. 3d 1261, 1262 (Miss. 2018). Moreover, "[i]n an election contest, the standard of review for questions of law is de novo." ***Bryant v. Dickerson***, 236 So. 3d 28, 30 (Miss. 2017) (internal quotation marks omitted) (citing ***Garner v. Miss. Democratic Exec. Comm.***, 956

3

So. 2d 906, 909 (Miss. 2007)).

## DISCUSSION

### I.     Trial Court's Subject Matter Jurisdiction

¶10.    The trial court found that it had subject matter jurisdiction to hear this election contest under Mississippi Code Section 23-15-927. It held that even though Devaull failed to file a sworn copy of his complaint to the Committee within the ten day statutory period, Devaull's December 16, 2020 Second Amended Petition cured that failure.

¶11.    "The review of an election contest is an entirely separate undertaking from an original filing of a civil complaint. The review process is entirely distinct and established by statute, until it reaches this Court, where procedure is controlled by the Mississippi Rules of Appellate Procedure." *Jackson v. Bell*, 123 So. 3d 436, 440 (Miss. 2013). The review of this primary election contest is governed by Mississippi Code Section 23-15-927.

¶12.    Section 23-15-927 provides, in relevant part:

> When and after any contest has been filed with the county executive committee, or complaint with the State Executive Committee, and the executive committee having jurisdiction fails to promptly meet or, having met, fails or unreasonably delays to fully act upon the contest or complaint or fails to give with reasonable promptness the full relief required by the facts and the law, the contestant shall have the right forthwith to file in the circuit court of the county in which the irregularities are charged to have occurred, or, if more than one (1) county is involved, then in one (1) of the counties, *a sworn copy of his protest or complaint*, together with a sworn petition, setting forth with particularity how the executive committee has wrongfully failed to act or to fully and promptly investigate or has wrongfully denied the relief prayed by the contest, with a prayer for a judicial review thereof. *A petition for judicial review must be filed within ten (10) days after any contest or complaint has been filed with an executive committee*.

 Miss. Code Ann. § 23-15-927 (Rev. 2018) (emphasis added).

4

¶13. This Court "must follow the text of the statute when it is clear and unambiguous." *Chandler v. McKee*, 202 So. 3d 1269, 1274 (Miss. 2016). Accordingly, a contestant must file a sworn copy of the complaint made to the relevant executive election committee within ten days of making that complaint. § 23-15-927. The requirement of filing a sworn copy of the complaint made to the committee is jurisdictional, meaning that if the requirement is not fulfilled, the circuit court lacks subject matter jurisdiction to hear the case. *Waters v. Gnemi*, 907 So. 2d 307, 319 (Miss. 2005) (citing *Darnell v. Myres*, 202 Miss. 767, 773, 32 So. 2d 684, 685 (1947)).

¶14. It is undisputed that Devaull failed to file a sworn copy of the complaint he presented to the Committee within ten days of making the complaint. Devaull's complaint was filed with the Committee on July 6, 2020, and he filed a petition in the circuit court on July 16, 2020, that included only an unsworn copy of his complaint. Devaull did not swear to his complaint until December 16, 2020, 163 days after presenting his complaint to the Committee, when he filed his Second Amended Petition. Through that amended petition, Devaull sought to have his sworn acknowledgment relate back to the date of the original petition to comply with the ten day deadline.

¶15. The trial court held that Devaull's amendment cured the failure to abide by Section 23-15-927 and that it had jurisdiction to hear the election dispute. The trial court relied on this Court's holding in *Jefferson Davis County Democratic Executive Committee v. Davies*, 912 So. 2d 837, 842 (Miss. 2005), and on Mississippi Rule of Civil Procedure 15.

¶16. In *Davies*, we considered whether a primary contestant under Section 23-15-927 could

5

cure his failure to file a sworn copy of the complaint made with the election committee by amending his petition. *Davies*, 912 So. 2d at 842. We found that he could. *Id.* Davies had sought judicial review of the Jefferson Davis County Democratic Executive Committee's decision to hold a new primary election due to certain irregularities. *Id.* at 840. The trial court, siding with Davies, found that the irregularities were not substantial enough to justify holding a new election. *Id.* On appeal, the committee challenged both the trial court's jurisdiction to hear the case and its finding that a new election was not warranted. *Davies*, 912 So. 2d at 841-42. Regarding jurisdiction, the committee argued that Davies had not met the Section 23-15-927 requirement of filing a sworn copy of the complaint made to the committee. *Id.* at 842. In fact, Davies had not sworn to the copy of his complaint when he originally filed. *Id.* at 841. But when that deficiency was brought to the attention of the trial court, the court allowed him to swear to the complaint under oath. *Id.* In finding that the amendment was proper, this Court noted Mississippi Rule of Civil Procedure 81(a)(4): statutory procedures in election contests should prevail over the Rules of Civil Procedure to the extent they conflict. *Davies*, 912 So. 2d at 843 n.15. But, because Section 23-15-927 at that time was silent regarding amendments, there was no conflict, and Rule 15 controlled. *Id.* Thus, Davies was free to amend his petition to comply with Section 23-15-927, as long as his amendment complied with Rule 15, which it did. *Id.*

¶17. Relying on *Davies*, the trial court found that Devaull could amend his petition to comply with Section 23-15-927. Additionally, the trial court expanded our holding in *Davies* to allow Devaull to relate his amendment back to the original filing date in order to comply

6

with the ten day deadline in the current version of Section 23-15-927. ***Davies*** clearly does not support that conclusion. ***Davies*** was decided in 2005, several years before the legislature amended Section 23-15-927 to include the ten day deadline. It is clear, and indeed we have previously found, that with the 2012 amendment to Section 23-15-927, the legislature intended to put a strict time limit on election disputes in order to ensure their prompt resolution. ***Chandler***, 202 So. 3d at 1273-74. It is no longer true, as it was in 2005, that Section 23-15-927 is silent regarding amendments. Allowing amendments beyond the ten day deadline would override the legislature's amendment of the statute. *See **Chandler***, 202 So. 3d at 1273-74. Accordingly, the trial court erred when it held that Devaull could amend his petition beyond the ten day deadline. Devaull failed to comply with the statutory requirement of filing a sworn copy of the complaint made to the Committee before the ten day deadline. The requirement of filing a sworn copy of the complaint is jurisdictional. ***Waters***, 907 So. 2d at 319. Thus, the trial court lacked subject matter jurisdiction.

## II.     Trial Court's Decision to Order a New Election

¶18.    Because we find that the trial court lacked subject matter jurisdiction to hear the case, it was without authority to order a new election.

## CONCLUSION

¶19.    We reverse and render judgment in favor of Holliday.

¶20.    **REVERSED AND RENDERED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**